IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

FREDERICK JENKINS
WILLIE JENKINS

CRIMINAL ACTION NO.
1:14-CR-192-ODE

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The United States of America, by John A. Horn, Acting United States Attorney, and Bernita B. Malloy and Nekia S. Hackworth, Assistant United States Attorneys for the Northern District of Georgia, files these proposed jury instructions and verdict form, pursuant to Rule 30 of the Federal Rules of Criminal Procedure.

The United States respectfully requests leave of the Court to allow the parties to propose additional pattern and/or special instructions to the extent such action may become necessary due to developments during trial.

Respectfully submitted,

JOHN A. HORN
    *Acting United States Attorney*


/s/BERNITA B. MALLOY
    *Assistant United States Attorney*
Georgia Bar No. 718905
Bernita.Malloy@usdoj.gov


/s/NEKIA S. HACKWORTH
    *Assistant United States Attorney*
Georgia Bar No. 394110
Nekia.Hackworth@usdoj.gov

600 U.S. Courthouse
75 Spring Street S.W.
Atlanta, Georgia 30303
Phone:  (404) 581-6000
Fax:  (404) 581-6181

## GOVERNMENT'S REQUEST TO CHARGE NO. 1

### Court's Instructions to the Jury[1]

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

---

[1] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 1, p. 13 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 2

### The Duty to Follow Instructions and the Presumption of Innocence[2]

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendants or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against the Defendants isn't evidence of guilt. The law presumes every defendant is innocent. The Defendants do not have to prove their innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendants not guilty.

---

[2] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 2.1, p. 14 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 3

### The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify[3]

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendants or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against the Defendants isn't evidence of guilt. The law presumes every defendant is innocent. The Defendants do not have to prove their innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendants choose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendants not guilty.

---

[3] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 2.2, p. 15 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 4

### Definition of "Reasonable Doubt" [4]

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendants have been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[4] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 3, p. 16 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 5

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court[5]

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

---

[5] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 4, pp. 17-18 (2010).

7

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## GOVERNMENT'S REQUEST TO CHARGE NO. 6

### Credibility of Witnesses[6]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

---

[6] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 5, p. 19 (2010).

9

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## GOVERNMENT'S REQUEST TO CHARGE NO. 7

### Impeachment of Witnesses Because of Inconsistent Statements[7]

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[7] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 6.1, p. 20 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 8

### Expert Witness[8]

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

[8] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 7, p. 29 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 9

### Stipulations[9]

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

---

[9] Edward J. Devitt and Charles B. Blackmar, *Federal Jury Practice and Instructions*, at §12.03, 6th ed. (2010) (modified).

## GOVERNMENT'S REQUEST TO CHARGE NO. 10

### Similar Acts Evidence[10]
### Rule 404(b), Fed. R. Evid

During the trial, you heard evidence of acts done by the Defendants on other occasions that may be similar to acts the Defendants are currently charged with. You must not consider any of this evidence to decide whether the Defendants committed the acts charged now. But you may consider this evidence for other very limited purposes.

If other evidence leads you to decide beyond a reasonable doubt that the Defendants committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether the Defendants had the state of mind or intent necessary for the crime charged in the indictment,  had a motive or the opportunity to commit the acts, acted according to a plan or to prepare to commit a crime, was identified as the person who committed the crime, or committed the charged acts by accident or mistake.

---

[10] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instruction 4, p. 58 (2015) (modified).

## GOVERNMENT'S REQUEST TO CHARGE NO. 11

### Intrinsic Evidence[11]

During this trial, you have just heard evidence of the uncharged offenses or acts of the Defendants.  The Defendants are not on trial for these offenses or acts.  However, you may consider this evidence for the limited purpose of determining whether the Defendants committed the acts charged in the indictment by (1) considering the transaction or series of transactions from which both the charged and uncharged offenses arose, (2) considering whether the uncharged conduct completes the story of the crimes currently charged, or (3) considering the link between the charged and the uncharged offenses.

---

[11] *See United States v. Simpkins*, 240 F. App'x. 334, 340 (11th Cir. 2007) (unpublished op.); *United States v. Cox*, 188 F. App'x. 889, 893 (11th Cir. 2006).

**GOVERNMENT'S REQUEST TO CHARGE NO. 12**

**Identification Testimony[12]**

The Government must prove beyond a reasonable doubt that the Defendants were the persons who committed the crime.

If a witness identifies a defendant as the person who committed the crime, you must decide whether the witness is telling the truth.   But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.  I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendants, such as the way the Defendants were presented to the witness for

---

[12] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instruction 3, p. 51 (2010).

identification and the length of time between the crime and the identification of the Defendants.

After examining all the evidence, if you have a reasonable doubt that the Defendants were the persons who committed the crime, you must find the Defendants not guilty.

## GOVERNMENT'S REQUEST TO CHARGE NO. 13

### Note–Taking[13]

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

[13] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instruction 5, p. 55 (2010).

**GOVERNMENT'S REQUEST TO CHARGE NO. 14**

**Introduction to Offense Instructions[14]**

The indictment charges 19 separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully conspired to commit an offense against the United States for the purpose of aiding and assisting in the preparation of false or fraudulent income tax returns.

Count Two through Nineteen charges that the Defendants committed what are called "substantive offenses," specifically aiding or assisting in the preparation of false income tax returns.  I will now explain the law governing these substantive offenses in a moment.

But first note that the Defendants are not charged in Count One with committing a substantive offense — they are charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

---

[14] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 8, p. 30 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 15

### General Conspiracy Charge[15]
### 18 U.S.C. § 371
### (Count One)

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

---

[15] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instructions 13.1, pp. 147-149 (2010).

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2)     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4)     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the

plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## GOVERNMENT'S REQUEST TO CHARGE NO. 16

**Aiding or Assisting In Preparation of False Documents
Under Internal Revenue Laws
26 U.S.C. § 7206(2)[16]
(Counts Two through Nineteen)**

It's a Federal crime to willfully aid or assist to prepare under the Internal Revenue laws a document that is false or fraudulent as to any material matter.

The Defendants can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   That the Defendants aided in, assisted in, procured, counseled, or advised on the preparation or presentation of a return in connection with any matter arising under the Internal Revenue laws; and

(2)   this return falsely stated the items set forth in the indictment;

(3)   the defendants knew that the statement in the return was false;

(4)   the false statement was material; and

(5)   the defendants did so with the intent to do something the defendants knew the law forbids.

---

[16] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instruction 109.2, pp. 631- 632 (2010) (modified).

It is not necessary that the government prove that the falsity or fraud was with the knowledge or consent of the person authorized or required to present the return (i.e., the particular taxpayer).

A declaration is "false" if it is untrue when it is made and the person making it knows it is untrue.

A declaration contained within a document is "false" if it is untrue when the document is used and the person using it knows it is untrue.

A declaration is "material" if it relates to a matter of significance or importance as distinguished from a minor or insignificant or trivial detail. The Government does not have to show that it was deprived of any tax because of the false return, or that additional tax is due. It only has to prove that the Defendants aided and abetted the filing of a materially false return, which the Defendants knew violated the law.

## GOVERNMENT'S REQUEST TO CHARGE NO. 17

### Proof of One False Material Item Enough[17]

The indictment charges in Counts Two through Nineteen that certain items on each return were false in material respects (i.e. advertising expense, office expense, travel expense and contract labor).

You are instructed that it is sufficient if you find that the government has established beyond a reasonable doubt that any one of these items was both material and falsely reported on the specified return. In other words, the government does not have to prove that all of the items were false and material: proof of the falsity and materiality of a single item is sufficient. You must unanimously agree on that item. On the other hand, if you unanimously find that none of these items was material and falsely reported on the specified return, then you should acquit the Defendants on that count.

---

[17] *Griffin v. United States*, 502 U.S. 46, 49 (1991); *Silverstein v. United States*, 377 F.2d 269, 270 n.3 (1st Cir. 1967).

## GOVERNMENT'S REQUEST TO CHARGE NO. 18

### On or About; Knowingly; Willfully — Intentional
### Violation of A Known Legal Duty[18]

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

---

[18] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 9.1B, p. 34 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 19

### Good-Faith Defense to Willfulness
### (As Under the Internal Revenue Code)[19]

Good-Faith is a complete defense to the charges in the indictment since good-faith on the part of the Defendants is inconsistent with willfulness, and willfulness is an essential part of the charges. If the Defendants acted in good faith, sincerely believing themselves to be exempt by the law, then the Defendants did not intentionally violate a known legal duty — that is, the Defendants did not act "willfully." The burden of proof is not on the Defendants to prove good–faith intent because the Defendants do not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendants acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendants specifically intended to do something that is against the law and voluntarily committed the

---

[19] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instruction 9, p. 61 (2010).

acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendants believed that violating the law was religiously, politically, or morally required or that ultimate good would result.

## GOVERNMENT'S REQUEST TO CHARGE NO. 20

**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)[20]**

Each count of the indictment charges a separate crime against both Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

---

[20] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 10.4, p. 39 (2010).

29

## GOVERNMENT'S REQUEST TO CHARGE NO. 21

### Duty to Deliberate[21]

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[21] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 11, p. 40 (2010).

## GOVERNMENT'S REQUEST TO CHARGE NO. 22

### Verdict[22]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

---

[22] Judicial Council of the Eleventh Circuit, *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instruction 12, p. 41 (2010).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

FREDERICK JENKINS AND
WILLIE JENKINS

CRIMINAL ACTION NO.
1:14-CR-192-ODE

## **VERDICT FORM**

1. As to Count One of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

   Guilty _____          Not Guilty _____.

2. As to Count One of the Indictment, we, the jury, unanimously find Defendant Willie Jenkins:

   Guilty _____          Not Guilty _____.

3. As to Count Two of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

   Guilty _____          Not Guilty _____.

4. As to Count Three of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

   Guilty _____          Not Guilty _____.

5.   As to Count Four of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____        Not Guilty _____.


6.   As to Count Five of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____        Not Guilty _____.


7.   As to Count Six of the Indictment, we, the jury, unanimously find Defendant Willie Jenkins:

Guilty _____        Not Guilty _____.


8.   As to Count Seven of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____        Not Guilty _____.


9.   As to Count Eight of the Indictment, we, the jury, unanimously find Defendant Willie Jenkins:

Guilty _____        Not Guilty _____.


10.   As to Count Nine of the Indictment, we, the jury, unanimously find Defendant Willie Jenkins:

Guilty _____        Not Guilty _____.


11.   As to Count Ten of the Indictment, we, the jury, unanimously find Defendant Willie Jenkins:

Guilty _____        Not Guilty _____.

12.  As to Count Eleven of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____          Not Guilty _____.


13.  As to Count Twelve of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____          Not Guilty _____.


14.  As to Count Thirteen of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____          Not Guilty _____.


15.  As to Count Fourteen of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____          Not Guilty _____.


16.  As to Count Fifteen of the Indictment, we, the jury, unanimously find Defendant Willie Jenkins:

Guilty _____          Not Guilty _____.


17.  As to Count Sixteen of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____          Not Guilty _____.


18.  As to Count Seventeen of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____          Not Guilty _____.

19.  As to Count Eighteen of the Indictment, we, the jury, unanimously find Defendant Frederick Jenkins:

Guilty _____          Not Guilty _____.


20.  As to Count Nineteen of the Indictment, we, the jury, unanimously find Defendant Willie Jenkins:

Guilty _____          Not Guilty _____.


**SO SAY WE ALL.**


Signed and dated at the United States Courthouse, Atlanta, Georgia, this _____ day of May, 2015.


_____          _____
Foreperson's Signature                    Foreperson's Printed Name

**CERTIFICATE OF COMPLIANCE AND SERVICE**

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Book Antiqua font, 13 point type.  This is to also certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Steven H. Sadow, Esq.                    Dwight L. Thomas, Esq.
Schulten Ward & Turner, LLP.             1745 Martin Luther King, Jr. Drive
260 Peachtree Street, N.E., Ste. 270     Atlanta, GA  30314
Atlanta, GA  30303

This the 20th day of April, 2015

/s/ BERNITA B. MALLOY
BERNITA B. MALLOY
*Assistant United States Attorney*

/s/ NEKIA S. HACKWORTH
NEKIA S. HACKWORTH
*Assistant United States Attorney*